UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No: 8:07-cr-446-T-27SPF

CLIFFORD DARDEN
_____ /

## ORDER

**BEFORE THE COURT** are Defendant Darden's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. 179), his Notice of Supplemental Authority (Dkt. 180), the United States of America's Response in Opposition (Dkt. 182), and Darden's Reply (Dkt. 185). Upon consideration, the motion is **DENIED**.

Darden stands convicted of two counts of robbery affecting commerce in violation of 18 U.S.C. §§ 1951 and 2 (Counts One and Three), and two counts of using a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(a) and 2 (Counts Two and Four). (Dkt. 90). He was sentenced to 34 years imprisonment, consisting of a two year term as to Counts One and Three, a seven year term as to Count Two, to run consecutively to the term of imprisonment as to Counts One and Three, and a 25 year term as to Count Four, to run consecutively to the terms of imprisonment as to Counts One, Two and Three.[1] (Id. at 2). The Eleventh Circuit Court of Appeals affirmed his convictions and sentence. *See United States v. Darden*, 343 F. App'x 445 (11th Cir. 2009). And his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 was denied. (Dkt. 132); Case No. 8:10-cv-1052, ECF: 8 (Aug. 9, 2010).

---

[1] At the time he was sentenced, Darden faced a mandatory minimum sentence of seven years imprisonment for the first firearm conviction in the Indictment. *See* 18 U.S.C. § 924(c)(1)(A)(ii) (2007). Because he was convicted of a second firearm offense, Darden faced a consecutive mandatory minimum term of 25 years. 18 U.S.C. § 924(c)(1)(C)(I) (2007). The First Step Act of 2018, however, amended § 924(c) to eliminate the "stacking" of § 924(c) convictions charged in the same indictment. Pub. L. No. 115-391§ 403(a), 132 Stat. 5194 (2018).

Darden now seeks a sentence reduction based on what he contends are "extraordinary and compelling reasons." (Dkt. 179 at 3). Specifically, he contends that "two extraordinary and compelling reasons exist to grant his instant motion: (1) his heightened risk of serious illness and/or dying from COVID-19 in the prison environment, and (2) the FSA implementation of sentencing changes related to 'stacked 924(c)' sentences." (Id. at 5). He further asserts that he suffers from sleep apnea, obesity, and hypertension. (Id. at 2, 6). The United States opposes the motion, contending that Darden "has failed to exhaust his administrative remedies, failed to demonstrate any medical condition that would satisfy the requirements for compassionate release, and failed to establish a sentence reduction is warranted in light of the relevant factors under 18 U.S.C. § 3553(a)." (Dkt. 182 at 1). Upon review, Darden's contentions are without merit.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the Bureau of Prisons (BOP) to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b).[2] Darden provides documentation reflecting that he filed a request with the BOP to bring a motion on his behalf more than 30 days ago. (Dkt. 179-1 at 5). He requested that the BOP consider a sentence reduction based on his "Debilitated Medical Condition" and "Other:- Extraordinary and Compelling Circumstance." (Id). On September 15, 2020, his request was denied.[3] (Id.). Accordingly, because 30 days have elapsed since the warden received his request for compassionate release, his motion can be considered.

---

[2] This exhaustion requirement cannot be waived. *See, e.g., United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic").

[3] The warden's denial letter provides,

This is in response to your Inmate Request to Staff Member received on September 15, 2020 at the Federal Correctional Complex, Low, Coleman, Florida, in which you request consideration for a Compassionate Release/Reduction in Sentence under Section 3., Requests Based on Medical Circumstances, Subsection b., Debilitated Medical Conditions.

While the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Darden fall within these circumstances. First, although his medical records confirm that he suffers from sleep apnea, hypertension, and obesity (Dkt. 179-1 at 1-4), he does not provide documentation demonstrating that he suffers from a terminal illness or that these conditions substantially diminish his ability to provide self-care.[4] *See* U.S.S.G. §

---

> Consideration for your release, under provisions of Title 18, United States Code, Section 3582 (c)(1)(A), and Bureau of Prisons Program Statement 5050.50, has been given careful review. A review of your medical documentation reflects you are diagnosed with obesity, obstructive sleep apnea, and hypertension. You are receiving medical treatment in accordance with evidenced based standards. Your condition is stable, you are not terminally ill, and your life expectancy is normal for your age. You are not completely disabled and totally confined to a bed or chair. You are able to independently attend to your activities of daily living and your medical condition does not affect your ability to function in a correctional setting.
>
> Based upon all the information gathered, you have not met the requirements outlined in the first stage of the Warden's review.
>
> Therefore, your request for consideration for a Compassionate Release/Reduction in Sentence is denied.

(Dkt. 179-1 at 6).

[4] *See, e.g., United States v. Higginbotham*, No. 3:12-cr-125-J-34JRK, 2020 WL 6393836, at *1 (M.D. Fla. Nov. 2, 2020) (denying compassionate release to an inmate suffering from obesity and asthma, and finding that these conditions do not qualify as extraordinary conditions); *United States v. Anderson*, No. 2:16-cr-92-RDP-JEO, 2020 WL 5513419, at *3 (N.D. Ala. Sept. 11, 2020) (finding no extraordinary and compelling reason for release even though the defendant was obese and "at a greater risk of suffering from COVID-19"); *United States v. Hayes*, No. 3:18-cr-37-J-34JBT, 2020 WL 3611485, at *2 (M.D. July 2, 2020) (holding obesity and hypertension "alone or in combination with Covid-19" are not extraordinary); *United States v. Copeland*, No. 3:11-cr-281-J-34JBT, 2020 WL 4193554, at *2 (M.D. Fla. July 21, 2020) (finding that hypertension treated by medication is "hardly an extraordinary condition" warranting release); *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition).

3

1B1.13, cmt. n.1. Rather, the record reflects that his hypertension is treated with medication, and that he "[h]as lost about 20 lbs with his current diet." (Dkt. 179-1 at 2-5).

Second, he is 61 years old and does not qualify under the age-based criteria, and he has not presented family circumstances to justify compassionate release. Third, his circumstances do not warrant a reduction in sentence under application note (D), especially when considering the factors listed in the BOP's Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf. (last accessed January 28, 2021).

Last, to the extent Darden contends this Court has the discretion to determine whether he has presented an extraordinary and compelling reason independent to any determination by the United States Sentencing Commission or the BOP (Dkt. 179 at 3-5; Dkt. 185 at 2-3), courts in this Circuit, with which I agree, have rejected this contention.[5] *See, e.g., United States v. Plowright*, Case No. CR 107-167, 2020 WL 3316989, at *2 (S.D. Ga. June 18, 2020) ("[T]his Court will not consider circumstances outside of the specific examples of extraordinary and compelling reasons to afford relief."). Even if district courts have discretion to independently determine what constitutes an extraordinary and compelling reason, Darden has failed to demonstrate an adequate

---

Moreover, as noted, Darden petitioned the warden for compassionate release based on his "Debilitated Medical Condition." According to the BOP Program Statement 5050.50, to qualify for early release consideration based on debilitated medical condition, Darden must "have an incurable, progressive illness or . . . have suffered a debilitating injury from which [he] will not recover." BOP Program Statement 5050.50, § 3.b.

[5] Specifically, he contends that "[u]nder this new paradigm, . . . two extraordinary and compelling reasons exist to grant his instant motion: (1) his heightened risk of serious illness and/or dying from COVID-19 in the prison environment, and (2) the FSA implementation of sentencing changes related to 'stacked 924(c)' sentences." (Dkt. 179 at 5). As for his contention that he is at an "increased risk of dying from COVID-19" because he "is forced to live in this environment [with] sleep apnea, hypertension, and obesity" (Id. at 2), courts in this Circuit, with which I agree, have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See Smith*, 2020 WL 2512883, at *4.

As for his second contention, although the First Step Act eliminated the "stacking" provision of 18 U.S.C. § 924(c)(1)(C), the amendment was not made retroactive. *See United States v. Buckner*, 808 F. App'x 755, 764 n.12 (11th Cir. 2020). In any event, courts in this circuit, also with which I agree, have held that "the change in law does not constitute an extraordinary and compelling reason for a sentence reduction." *See United States v. Johnson*, No. 2:03-cr-31-FtM-29, 2020 WL 7055712, at *3 (M.D. Fla. Dec. 2, 2020).

basis to warrant compassionate release. And although he cites the sentencing factors in 18 U.S.C. § 3553 (Dkt. 179 at 9-10), in the absence of an extraordinary and compelling reason or another basis to warrant a reduction, this Court declines to reduce his sentence.[6] *See* 18 U.S.C. § 3582(c)(1).

In summary, Darden's reasons for release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are, therefore, not consistent with the policy statement in § 1B1.13. Accordingly, absent extraordinary and compelling reasons, relief cannot be granted, and the motion is **DENIED**. His request to appoint counsel (Dkt. 179 at 10) is likewise **DENIED**.

**DONE AND ORDERED** this 1st day of February, 2021.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Defendant, Counsel of Record

---

[6] Even if extraordinary and compelling reasons exist, the section 3553(a) factors do not weigh in favor of Darden's release. These factors aid the court in imposing a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 182 (11th Cir. 2019) (citing 18 U.S.C. § 3553(a)). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809 (11th Cir. 2020) (citations omitted). When he was sentenced in this case, Darden was 48 years old and had criminal history category III based on his prior convictions for armed robbery and burglary of a dwelling. (Dkt. 167 ¶¶ 41-45). Moreover, the circumstances of this case's offenses do not weigh in favor of release. Indeed, a jury found him guilty of two armed robberies. (Dkt. 132 at 6). Reducing his sentence, therefore, would not reflect the seriousness of his offense, promote respect for the law, provide just punishment for his past behaviors, or adequately deter criminal conduct in the future.