UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

                                                                          CASE NO: 8:07-cr-00446-MSS-SPF

CLIFFORD DARDEN
_____

## ORDER

**THIS CAUSE** is before the Court for consideration of Defendant Clifford Darden's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion"), (Dkt. 190), the Government's Response In Opposition, (Dkt. S-197), Mr. Darden's Reply, (Dkt. 199), and Mr. Darden's Notice of Supplemental Evidence In Motion for Reduction In Sentence. (Dkt. 201). Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Mr. Darden's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and reduces his sentence of imprisonment to time served.

    **I.**      **BACKGROUND**

On July 9, 2008, a jury convicted Mr. Darden of two counts of obstruction of commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Counts One and Three), and two counts of use of firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Counts Two and Four). (Dkt. 66).

On October 21, 2008, the Court entered a corrected judgment sentencing Mr. Darden to thirty-four years (408 months) of imprisonment, which included a term of two years (24 months) as to the Counts One and Three (the two counts of obstruction of commerce by robbery), a consecutive term of seven years (84 months) as to Count Two (the count of use of firearm during a crime of violence corresponding to the June 4, 2007 offense), and a consecutive term of twenty-five years (300 months) as to Count Four (the count of use of firearm during a crime of violence corresponding to the July 3, 2007 offense). (Dkt. 90) Mr. Darden's sentence was ordered to run concurrently with his term of imprisonment imposed in case number 07-CF-015782, Hillsborough County Circuit Court.[1] (Id.)

At the time the Court sentenced Mr. Darden, the two firearms convictions (Counts Two and Four) carried mandatory, consecutive sentences of 7 years and 25 years, respectively. 18 U.S.C. § 924(c)(1) (2008).

U.S.S.G. § 1B1.13 authorizes a reduction of sentence where there is a finding made that a defendant was given an "unusually long sentence." § 1B1.13(b)(6). See United States v. Romeu, No. 25-10788, 2026 WL 36113, at *4 (11th Cir. Jan. 6, 2026)[2] (observing that the Eleventh Circuit not has addressed the question of whether

---

[1] Mr. Darden was sentenced to two terms of four years (48 months) of imprisonment, apparently to run concurrently, in connection with case number 07-CF-015782. See *Inmate Release Information Detail*, FLORIDA DEPARTMENT OF CORRECTIONS, https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=416707&TypeSearch=IR (last accessed January 16, 2026). He has since been discharged on that sentence.

[2] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it may be considered as persuasive authority. *See* 11th Cir. R. 36-2." United States v. Futrell, 209

§ 1B1.13(b)(6) "permit[s] courts to grant sentence reductions under § 3582(c)(1)(A) based on nonretroactive legal developments[,]" "and other circuits are split[.]").

Mr. Darden is currently 66 years old and incarcerated at Coleman Low FCI. See https://www.bop.gov/inmateloc/ (last accessed January 16, 2026). He has served nearly 18 years of his custodial sentence and is not projected to be released until April 21, 2037. (Id.) The Government acknowledges that "[w]hile in custody, Darden has received *one* disciplinary action in 2014 for 'phone abuse-disrupt monitoring.'" (Dkt. S-197 at 3) Mr. Darden requests that his custodial sentence be reduced to time served. (Dkt. 190 at 11)

## II.    LEGAL FRAMEWORK

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). One of those exceptions is the compassionate release provision in 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

3

18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission's policy statement is found in § 1B1.13 and the accompanying Application Notes. In November 2023, an amended version of § 1B1.13 became effective which added new grounds for relief under 18 U.S.C. § 3582(c)(1)(A)(i) in response to the First Step Act of 2018.[3] Congress enacted the First Step Act of 2018, which expanded the scope of § 3582(c)(1)(A), with the aim of "increasing the use and transparency of compassionate release." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194 (Dec. 21, 2018).

The policy statement now defines "extraordinary and compelling reasons" as (1) the medical condition of the defendant, (2) the advanced age of the defendant, (3) the defendant's family circumstances, (4) the defendant was a victim of abuse, (5) "other reasons,"[4] and (6) the defendant is subject to an unusually long sentence. § 1B1.13(b).

In addition to determining whether a movant has offered extraordinary and compelling reasons and whether a reduction or release would be consistent with the policy statement found in § 1B1.13, district courts must also consider "all applicable" §

---

[3] See U.S. Sentencing Commission, Adopted Amendments (Effective November 1, 2023), https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited January 16, 2026).

[4] The policy statement defines "other reasons" to mean: "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."

4

3553(a) factors. United States v. Cook, 998 F.3d 1180, 1183-84 (11th Cir. 2021); see also United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021).

In sum, "[b]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and ... (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." Tinker, 14 F.4th at 1237. "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). Generally, the defendant bears the burden of establishing a sufficient basis for compassionate release. United States v. Aguilar, No. 4:12-CR-9-MLB, 2022 U.S. Dist. LEXIS 70148, 2022 WL 1125385, at *2 (N.D. Ga. Apr. 15, 2022) (citing United States v. Jenkins, No. 1:08-CR-0209, 2021 U.S. Dist. LEXIS 68020, 2021 WL 1311044, at *4 (N.D. Ga. Apr. 8, 2021); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014) (addressing a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2)). The defendant may move for a sentence reduction after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is "mandatory, in the sense that a court must enforce the rule if a party properly raises it." United States v. Lee, 848 F. App'x 872, 874 (11th Cir. 2021) (quoting Harris, 989 F.3d at 911

(internal quotation marks omitted)).

### III. DISCUSSION

#### a. Exhaustion

Neither Mr. Darden nor the Government assert the exhaustion requirement in their briefs. Mr. Darden attaches to his Motion a document captioned "RE: Request for Compassionate Release/Reduction in Sentence." (Dkt. 190-1 at 4) The document appears to bear signatures from Mr. Darden and "J. Gunther, Warden[,]" and it denies a request for reduction in sentence based on extraordinary or compelling circumstances. (Id.) Mr. Darden also attaches to his Motion a letter to the Warden dated February 23, 2025, in which Mr. Darden requests compassionate release. (Dkt. 190-1 at 87) The Court will proceed to the substance of the Motion because the Government does not assert that the failure to exhaust precludes consideration of the Motion. See Harris, 989 F.3d at 911 (citing Fort Bend Cnty. v. Davis, 139 S. Ct. 1843, 1849-50 (2019)) (finding that § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule, rather than a jurisdictional requirement, and that any objection to § 3582(c)(1)(A)'s exhaustion requirement may be forfeited if the party asserting the rule, i.e. the United States, fails to argue that defendant failed to exhaust). As such, the Court considers Mr. Darden's Motion to be ripe for review on the merits.

#### b. Merits of Claim to Relief Pursuant to Section 1B1.13(b)(6)

Section 3582(c)(1)(A) does not define what constitutes "extraordinary and compelling reasons." 28 U.S.C. § 994(t). Instead, Congress delegated authority to the Sentencing Commission to "describe what should be considered extraordinary and

6

compelling reasons for sentence reduction." <u>Id.</u> As noted above, § 1B1.13, as amended, includes a category in the guideline text for "Unusually Long Sentence[s]," which may qualify as extraordinary and compelling where, among other things, "a change in the law ... would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." § 1B1.13(b)(6).

According to Mr. Darden, his sentence is over-long because of a sentencing disparity in sentences for Section 924(c) offenses now that the First Step Act has eliminated the stacking of long consecutive mandatory minimum sentences for Section 924(c) offenses. (Dkt. 190 at 5-6) For support, Mr. Darden relies on § 1B1.13(b)(6), which provides:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). The Court finds that Mr. Darden has established an extraordinary and compelling reason for a modification to his sentence.

### i. Mr. Darden is Eligible for Relief

As an initial matter, Mr. Darden is eligible for relief under § 1B1.13(b)(6) because his original sentence of 34 years is an "unusually long sentence." <u>See</u>, <u>e.g.</u>, <u>United States v. Ware</u>, 720 F. Supp. 3d 1351, 1362 (N.D. Ga.

7

2024) (55-year sentence for three armed bank robberies deemed "unusually long sentence" where over 80% of defendant's sentence arose from the § 924(c) mandatory penalties (i.e., 540 of 665 months)). Here, 94% of Mr. Darden's sentence arose from the § 924(c) mandatory penalties (i.e., 32 of 34 months). And, having been in federal custody since February 2008, Mr. Darden has served almost 18 years in prison.

      The Government contends that the phrase "extraordinary and compelling," as used in 18 U.S.C. § 3582(c)(1)(A)(i), cannot encapsulate a nonretroactive change in law because a "defendant's lawfully imposed sentence simply reflects the law at the time he was sentenced[,]" (Dkt. 197-S at 7-8), and because "ordinary nonretroactiveity principles" support the Government's belief that "[a]ny disparity between Darden's sentence and the sentence he would receive today is the product of deliberate congressional design." (Id. at 9-10) The Government's interpretation does not properly account for Congress's delegation to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction . . . ." 28 U.S.C. § 994(t); accord United States v. Allen, 717 F. Supp. 3d 1308, 1315 (N.D. Ga. 2024) ("Because the Eleventh Circuit has never held that nonretroactive changes cannot be extraordinary and compelling reasons, this Court can accept § 1B1.13(b)(6)'s validity and applicability. To hold that courts cannot consider nonretroactive changes to sentencing laws as extraordinary or compelling reasons would require courts to ignore the policy statement that Congress explicitly directed the Commission to create. … The amendments revised the policy statement to unambiguously allow courts to consider nonretroactive changes in individual

8

circumstances. And nothing in § 3582(c)(1)(A)'s text prohibits the Commission from considering nonretroactive changes in the law as extraordinary and compelling reasons for a sentence reduction. … Congress could have drafted ... a blanket prohibition into § 3582(c)(1)(A), but decided not to. … Therefore, the Commission's decision to expand upon the policy statement was within its statutory authority and presents no separation of powers issues.") (internal citations omitted); United States v. Franklin, No. 95-00787-CR, 2024 WL 4295912, at *3 (S.D. Fla. Sept. 18, 2024) ("The Eleventh Circuit explained that the reason Congress requires the Sentencing Commission to establish such policy statements is to bind courts 'by providing that a sentence may be reduced ... only where doing so is consistent with the Commission's policy statements." [United States v.] Bryant, 996 F.3d [1243,] at 1255 [(11th Cir. 2021), superseded in part on other grounds by U.S.S.G. § 1B1.13 (2023)]. Thus, the Court is following the Sentencing Guidelines and joins several other district courts in rejecting the Government's arguments.").

In addition, the Government does not dispute that there is a clear disparity between Mr. Darden's initial sentence and the sentence that would be imposed today given the change in the law. Since Mr. Darden's original sentence was imposed, Congress amended § 924(c). Section 403 of the First Step Act prohibits "stacking" of § 924(c) charges. See United States v. Hewlett, No. 5:93-CR-00137-SLB-SGC-2, 2020 U.S. Dist. LEXIS 234295, at *6 (N.D. Ala. Dec. 14, 2020) ("[i]n 2018, Congress passed the First Step Act and changed the language of Section 924(c) to avoid the 'stacking' of Section 924(c) convictions charged in the same indictment; under the First

Step Act, only a Section 924(c) violation committed after a prior conviction for a Section 924(c) offense has become final triggers an extra-long consecutive mandatory minimum sentence.") Congress, however, did not make this change retroactive. See First Step Act § 403(b), Pub. L. No. 115-391, 132 Stat. 5194, 5222; see also United States v. Nesbitt, No. 21-10109, 2021 U.S. App. LEXIS 31949, 2021 WL 4947105, at *1 (11th Cir. Oct. 25, 2021) ("[T]he First Step Act amendment to § 924(c) was not made retroactively applicable[.]"). But, by applying § 1B1.13, as amended, the Court is now able to consider amendments to § 924(c) that result in a gross disparity between Mr. Darden's initial sentence of 34 years and what he would likely be sentenced to today. See § 1B1.13(b)(6).

As relevant here, the statutory mandatory minimum for Mr. Darden's § 924(c) convictions for brandishing a firearm in connection with a crime of violence has not changed from the time his sentence was imposed, that is Mr. Darden would still receive 7 years for his first § 924(c) conviction under Count Two, see § 924(c)(1)(A)(ii).[5] As for his subsequent § 924(c) conviction under Count Four, where his second conviction previously carried 25 years, it would carry only 7 years under current law. See 18 U.S.C. § 924(c)(1)(A)(ii). Now, two convictions of § 924(c) would require two consecutive seven-year sentences. 18 U.S.C. 924(c) (2022).

He would additionally be sentenced on the robbery, where he would still have

---

[5] Mr. Darden was convicted of brandishing a firearm during the course of his crime, which requires a seven-year mandatory minimum instead of the five-year mandatory minimum that Mr. Darden appears to believe to be appropriate. 18 U.S.C. § 924(c)(1)(A)(i)-(ii).

10

a combined offense level of 22 and criminal history category of III (with a criminal history score of six). See Presentence Investigation Report at (Dkt. 167); see also USSG § 2B3.1 (a) (base offense level); USSG § 2K2.4, Application Note 4 (no firearm adjustment due to the § 924(c) convictions); USSG § 3D1.4 (multiple count adjustment). This would place Mr. Darden at a combined guideline range of 51-63 months for both robbery convictions. See Presentence Investigation Report at (Dkt. 167). Mr. Darden would, therefore, face a sentencing range of 219-231 months.

Mr. Darden faced the same 51-63 months guideline range for the robbery convictions in 2008, but the sentencing court granted Mr. Darden a significant variance, sentencing him to 24 months on the robberies. (Dkt. 90) The sentencing court found this sentence to be sufficient but not greater than necessary to comply with the statutory purposes of sentencing. See Sentencing Transcript (Dkt. 121 at 21).[6] As such, if Mr. Darden was granted the same variance today, he would be sentenced to a term of 192 months imprisonment, almost two years less than the length of time Mr. Darden has already served. Thus, today Mr. Darden's overall sentence would decrease by 18 years (i.e. 260 months, or approximately 64%). "This is a gross disparity." See Ware, 720 F. Supp. 3d at 1363. Even if Mr. Darden were not granted the same variance today, a mid-range guideline sentence for the robbery of 57 months, and total sentence of 225 months, is still a gross disparity from his current sentence of 408 months.

---

[6] The Court is not in possession of a Statement of Reasons for the previous sentence and will not endeavor to guess the sentencing court's reasoning, but a review of Defendant's arguments at the sentencing hearing indicates the court might have varied downward due to the history and characteristics of the Defendant pursuant to 18 U.S.C. § 3553(a)(1).

11

Consequently, the Court finds that Mr. Darden's "unusually long sentence" combined with the change in law provides an extraordinary and compelling reason to reduce his sentence.[7]

### c. Merits of Claim to Relief Pursuant to Section 1B1.13(b)(2)

Moreover, even if Mr. Darden were not entitled to relief pursuant to section 1B1.13(b)(6), the Court finds as an independent basis for relief that Mr. Darden's sentence is due to be reduced pursuant to section 1B1.13(b)(2). Section 1B1.13(b)(2) provides that extraordinary and compelling reasons exist in the following circumstances:

> (2) Age of the Defendant.--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

The Government agrees that "[Mr.] Darden is 65 years old, and has completed at least 10 years of his term of imprisonment." (Dkt. 197-S at 5) The Government further acknowledges that "[i]n his motion for compassionate release, [Mr. Darden] cites a number of medical issues he suffers from, including atrial fibrillation, congestive heart failure, obesity, Type II Diabetes,[8] hypertension, LTBI Prophy, kidney issues,

---

[7] The Court is authorized to reduce this sentence, consistent with Eleventh Circuit precedent, because an "unusually long sentence" is a reason expressly provided for and specified in the Sentencing Commission in U.S.S.G § 1B1.13. See United States v. Bryant, 996 F.3d 1243, 1257 (11th Cir. 2021), superseded in part on other grounds by U.S.S.G. § 1B1.13 (2023) ("[W]e hold that 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13.").

[8] The medical records reflect that Mr. Darden has been found on a bathroom floor with a blood sugar level of 59 on at least one occasion. (Dkt. 190-1 at 23) Further, he has had

hyperlipidemia and renal failure, hypoglycemia, elevated creatinine, and 'many other conditions.'" (Id. (citing Dkt. 190 at 3-4)) Nonetheless, the Government contends that these ailments do not present cause for a reduction in sentence, drawing "contrast to other cases where courts have granted relief based on a rapid decline in health, or where inmates needed constant care, required constant medical aids like a walker or oxygen, or required frequent hospitalizations or serious medical treatments." (Id. at 6)

The medical records submitted by the Government establish without question a severe and progressive deterioration in Mr. Darden's health that is directly related to age and unlikely to improve. It is undisputed that the defendant, now 66 years old, suffers from multiple serious and chronic conditions, including obstructive sleep apnea, chronic sinusitis, an inguinal hernia, chronic conjunctivitis, allergic rhinitis, periodontitis, and type II diabetes, compounded by uncontrolled hypertension, uncontrolled congestive heart failure, and atrial fibrillation. He is dependent on numerous medications and remains medically fragile despite ongoing treatment.

As a direct result of these conditions, Mr. Darden's physical functioning is substantially compromised. He is subject to documented medical restrictions prohibiting climbing, significantly limiting work activity, and barring assignment to an upper bunk. He is prescribed a CPAP apparatus. These limitations materially diminish his ability to provide self-care within a custodial environment and expose him to heightened risk from routine conditions of confinement.

---

several hospitalizations.

Mr. Darden's prognosis is further worsened by a documented family history of premature mortality. His mother died at age 63 from heart disease, and his father died at age 66 from renal failure. In light of this history, together with the defendant's constellation of uncontrolled cardiovascular and metabolic illnesses, the medical evidence supports a finding that he has suffered an accelerated decline and likely faces early mortality.

These circumstances arise in the context of an extraordinarily long sentence, of which the defendant has already served approximately 18 years—well in excess of the 10-year threshold applicable to inmates aged 65 and older. Standing alone, and aside from the independent basis set forth above, the defendant's advanced age, severe and progressive medical deterioration, diminished capacity for self-care, and heightened risk of early death constitute extraordinary and compelling reasons warranting relief.

### ii. Mr. Darden is Not a Danger to the Community

Mr. Darden must also demonstrate that he no longer presents a danger to the community. Mr. Darden points to his long-standing good behavior while incarcerated, his advanced age, his BOP custody classification, and PATTERN score. The Government responds by pointing to Mr. Darden's criminal history and the seriousness of the instant offenses of conviction.

"In considering whether Defendant presents a danger, the Court looks at the factors in 18 U.S.C. § 3142(g). See U.S.S.G. § 1B1.13(a)(2). These factors include: (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person, and (4) the nature and seriousness of the

14

danger posed by Defendant's release. 18 U.S.C. § 3142(g)(1)-(4)." <u>Ware</u>, 720 F. Supp. 3d at at 1363. Mr. Darden's conduct in this matter was certainly serious and the evidence against him was compelling. A jury found him guilty beyond a reasonable doubt of obstruction of commerce by robbery and use of a firearm during a violent crime. (<u>See</u> Dkts. 66 and 90) And there is no question that Mr. Darden has a concerning criminal history. But, despite these facts, the record does not support a conclusion that Mr. Darden currently presents a danger to the community. Notably, the BOP classifies Defendant as a minimum-risk inmate, stating as recently as January 25, 2025, that he has a minimum risk of recidivism. (<u>See</u> Dkt. 190-1 at 57) The records also establish that Mr. Darden has not had a disciplinary incident in over 10 years. (<u>See</u> <u>id.</u>) And Defendant's ailments in combination with his advanced age further suggest that Defendant's likelihood of recidivism is low. Thus, based on the foregoing, the Court finds that, if Mr. Darden's sentence were reduced and if he were released, he would not pose a danger to society under U.S.S.G § 1B1.13(a)(1)(B) and 18 U.S.C. § 3142(g).

### iii.  Mr. Darden satisfies the Section 3553(a) Factors

Finally, the Court must consider whether Mr. Darden satisfies the Section 3553(a) factors before reducing his sentence. <u>See</u> <u>Tinker</u>, 14 F.4th at 1237. 18 U.S.C. § 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary," to achieve the purposes of sentencing. Specifically, under § 3553(a), sentences must reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future

criminal conduct. Id. § 3553(a)(2). Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to any victims. Id. § 3553(a)(1)-(7).

The Court is not required to "exhaustively analyze" each § 3553(a) factor or articulate its findings in great detail. Cook, 998 F.3d at 1184-85; accord Tinker, 14 F.4th at 1241 (ordinarily sufficient to acknowledge consideration of § 3553(a) factors and the parties' arguments). However, the Court must "provide enough analysis 'that meaningful appellate review of the factors' application can take place.'" Cook, 998 F.3d at 1184 (citing United States v. Johnson, 877 F.3d 993, 998 (11th Cir. 2017)).

Mr. Darden first contends that he has taken full responsibility for his actions. (Dkt. 190-1 at 87–89). He then explains he has progressed positively while incarcerated both by not having any incidents in the past decade, and only one in his history of confinement, and by taking advantage of the various rehabilitation programs available to him. He additionally points to the "glowing letters of support" from staff members at the prison, which the Court finds provide further support for its finding under this prong of the analysis. (Id. at 86)

Moreover, the other factors to be considered in the Section 3553(a) analysis lean in his favor. Ware, 720 F. Supp. 3d at at 1364. Indeed, the time that Mr. Darden has currently served for his offenses reflects their seriousness, adequately deters, and provides just punishment. Notably, "[t]he disparity between [Mr. Darden's] sentence

16

for his crimes and any person who would commit the same crimes today, as well as the Sentencing Commission's latest amendments to the compassionate release statute, also favor [Mr. Darden's] request for a modification per the Section 3553(a) factors." Id. For these reasons, the Court finds that the § 3553(a) factors support a reduction to his sentence.

## IV.    CONCLUSION

In sum, Mr. Darden has demonstrated an extraordinary and compelling reason for modification of his sentence and, further, that such modification is consistent with U.S.S.G. § 1B1.13. Mr. Darden has also shown that he does not present a danger to the community and that the relevant § 3553(a) factors favor modifying his sentence. Accordingly, it is hereby **ORDERED** as follows:

1. Mr. Darden's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), (Dkt. 190), is **GRANTED**. Mr. Darden's term of imprisonment is reduced to time served, and he shall be released from incarceration immediately.

2. An amended judgment is entered simultaneously. Mr. Darden's previously imposed terms and conditions of supervised release are unchanged. See 18 U.S.C. § 3582(c)(1)(A) (stating court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment").

3. The Court **DIRECTS** the Clerk to mail a copy of this Order and its

corresponding amended judgment to the United States Marshal Service **and** the Federal Bureau of Prisons (320 First St. NW, Washington, DC 20534).

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of January 2026.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person